**Richard Lukas SIMATUPANG,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 06–74942.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 17, 2009.

Law Offices of Albert C. Lum, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Richard Lukas Simatupang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, and must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part, grant in part, and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's determination that extraordinary circumstances did not excuse Simatupang's untimely asylum application because the underlying facts regarding whether he filed a timely asylum application before filing the untimely application are disputed. *Cf. Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir.2007) (per curiam) (exercising jurisdiction over consideration of one-year bar where facts were undisputed). We do not consider Simatupang's claim that increased hostility against Christians in Indonesia constitutes a changed circumstance excusing his untimely application because he did not raise this argument to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Accordingly, we dismiss the petition with respect to Simatupang's asylum claim.

■ With regard to Simatupang's withholding claim, both the IJ and the BIA questioned his credibility, but did not make an adverse credibility determination. "In the absence of an explicit adverse credibility finding, we must assume that [petitioner's] factual contentions are true" and no corroborating evidence is required. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). Because the agency did not make an adverse credibility determination, the BIA erred when it denied Simatupang's withholding claim based, in part, on "his failure to provide readily available corroboratory evidence[,]" and we remand

to the agency to make a legally sufficient credibility determination on an open record. *See Soto–Olarte v. Holder*, 555 F.3d 1089, 1095–96 (9th Cir.2009).

As to Simatupang's CAT claim, substantial evidence supports the BIA's determination that he failed to demonstrate that it is more likely than not that he will be tortured if he were returned to Indonesia. *See Sinha v. Holder*, 556 F.3d 774, 785 (9th Cir.2009).

Accordingly, we dismiss the petition with respect to Simatupang's asylum claim, grant as to his withholding of removal claim, and deny as to his CAT claim, and we remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part.**